IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG HANCOCK, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 07-5042 |
| SLEEPY'S CORPORATION, | : | |
| Defendant. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                **JANUARY 13, 2009**

Presently before the Court is Plaintiff Craig Hancock's ("Hancock") second Motion to Compel Discovery. For the reasons set forth below, the Motion will be denied.

**I.     FACTS**

Hancock filed a Complaint against Sleepy's Corporation ("Sleepy's") on November 30, 2007, alleging that Sleepy's discriminated against Hancock on the basis of race. The initial Scheduling Order, dated March 14, 2008, established a deadline of August 14, 2008 for the parties to complete fact discovery. However, due to difficulties in scheduling depositions, the parties sought an extension to those deadlines. By an Order dated August 19, 2008, this Court granted the parties until October 13, 2008 to complete fact discovery.

The deposition of Hancock was originally scheduled for October 1, 2008. (Def.'s Resp. Pl.'s Mot. Compel at 3.) At the request of Hancock, Sleepy's agreed to reschedule it for October 10, 2008. (Id.) During Hancock's deposition on October 10, 2008, while Sleepy's and its counsel were away for lunch, Hancock's counsel, Reginald Allen ("Allen"), left and did not

return.[1]  (Id.)  As a result, Hancock's deposition was adjourned.  When Sleepy's counsel attempted to reschedule the remainder of Hancock's deposition, Allen indicated that there were only two days at the very end of the month when he and Hancock would be available.  (Id.)  As the deposition discovery deadline had been set for October 13, 2008, Sleepy's moved for an additional extension to complete depositions, and Hancock did not oppose the motion.  After a conference with the parties, this Court, by Order of October 22, 2008, extended the deadline to complete discovery to November 14, 2008.

On or around August 20, 2008, Allen received Sleepy's responses to Plaintiff's First Set of Interrogatories and First Request for the Production of Documents.  (Id., Ex. B ¶ 7.)  On September 17, 2008, Hancock filed a Motion to Compel Discovery.  This Court denied Hancock's Motion by Order dated October 8, 2008.  On September 15, 2008, Allen mailed Plaintiff's Second Set of Interrogatories and Second Request for the Production of Documents to Sleepy's.  (Def.'s Resp. Pl.'s Mot. Compel, Ex. C.)  Sleepy's responses to Hancock's second round of written discovery requests were due thirty days later, on October 15, 2008, pursuant to Federal Rule of Civil Procedure 33(b)(2).  Sleepy's contends that "the interrogatories were answered prior to October 15, 2008," and offers the interrogatory answer certification of Sleepy's general counsel, dated October 14, 2008, as proof of its timely response.  (Def.'s Resp. Pl.'s Mot. Compel at 4.)  Nevertheless, on December 9, 2008, Hancock filed a second Motion to Compel Discovery, stating: "Responses to Plaintiff's discovery requests were received by his counsel on December 6, 2008.  Inadvertently, Plaintiff's counsel believed that until around December 2,

---

[1] Allen left a note with Defendant's counsel's secretary stating he had to leave due to a family emergency.  (Id.)

2

2008, that the responses had already been received; according to Defendant's counsel, he also believed that the responses had been served." (Pl.'s Mot. Compel ¶ 2.) Hancock does not state the basis for his counsel's mistaken belief, nor does he explain why this mistaken belief continued until December 2, 2008.

## II. DISCUSSION

After a deadline has passed, "the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect requires a showing that the party moving for an enlargement acted in good faith and had some reasonable basis for noncompliance within the specified time period. MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). In determining whether a party's neglect of a deadline is excusable, the Supreme Court has held that courts should take into account "all relevant circumstances surrounding the party's omission" including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship, 507 U.S. 380, 395 (1993); see also Georgine v. Amchem Prods., No. 93-0215, 1995 U.S. Dist. LEXIS 5593, at *14-15 (E.D. Pa. Apr. 26, 1995). The Third Circuit has also set out various factors that are relevant to the determination of whether neglect is excusable, including:

> 1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure, 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, 3) counsel's failure to provide for a readily foreseeable consequence, 4) a complete lack of diligence or 5) whether the inadvertence resulted despite counsel's substantial

good faith efforts towards compliance.

Dominic v. Hess Oil V.I. Corp., 841 F.2d 513, 517 (3d Cir. 1988); see also Consol. Freightways Corp. of Del. v. Larson, 827 F.2d 916, 919 (3d Cir. 1987).

Here, Hancock has filed the instant Motion without giving any reason why his counsel's failure to notice that he had not received Sleepy's responses constitutes excusable neglect. Assuming it is true that Allen had not received Sleepy's responses until December 2, 2008, this date was more than two weeks after the November 14, 2008 discovery deadline, and more than six weeks after the discovery responses were originally due on October 15, 2008.  Hancock has offered no reasonable basis for his noncompliance with the applicable time period, nor has he shown that the inadvertence resulted despite his counsel's substantial good faith efforts towards compliance.  Because Hancock offers no reason whatsoever for the delay, this Court can find no justification for granting yet another extension of time for the parties to conduct discovery.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG HANCOCK, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 07-5042 |
| SLEEPY'S CORPORATION, | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 13th day of January, 2009, in consideration of the second Motion to Compel Discovery filed by Plaintiff Craig Hancock (Doc. No. 22), and the response thereto, it is hereby **ORDERED** that the Motion is **DENIED.**

BY THE COURT:

 /s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE